IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY JOE STULL,

        Plaintiff,

        No. 3:13-cv-01355-HZ

        OPINION & ORDER

    v.

KEVIN W. ALLEN, et al,

        Defendants.

Barry Joe Stull
c/o 3653 SE 34th Ave.
Portland, OR

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before me is an application to proceed <u>in forma pauperis</u> ("IFP") (dkt. #1) filed by Barry Joe Stull. Stull, <u>pro se</u>, filed this action on August 6, 2013, alleging Kevin W. Allen ("Allen"), a police officer with the Portland Police Bureau, and the City of Portland violated his "CIVIL RIGHTS; US CONSTITUTION AMENDMENTS 4 AND 8[.]" Compl., p. 3. Stull alleges that on August 6, 2011, while he had a case pending against the City of Portland, Allen arrested him for disorderly conduct while he was performing as a street entertainer on a public sidewalk.[1] <u>Id.</u>, p. 2. Stull alleges Allen knew about his prior case and retaliated against him for "HAVING EXPOSED AND CHALLENGED OFFICIAL CORRUPTION IN PORTLAND, OREGON, INCLUDING VIA COMPLAINTS TO THE UNITED STATES DEPARTMENT OF JUSTICE; AND FILING CASE 3:11-CV-795-PK . . . ." <u>Id.</u>, p. 4. Stull also alleges that Allen was "NOT ADEQUATELY TRAINED NOR SUPERVISED" and that the Portland Police Bureau had an "ONGOING PRACTICE OF ARRESTING STULL WHEN STULL WAS NOT BREAKING THE LAW[,] . . . WAS REFUSING OR FAILING TO PREPARE COMPLETE AND ACCURATE POLICE REPORTS WHENEVER STULL WAS A VICTIM OF A CRIME . . . .[,]" and "CONTINUED ITS PRACTICE OF REFUSING OR FAILING TO SECURE VIDEO EVIDENCE OR INVESTIGATE CRIMES

---

[1] The case Stull refers to is <u>Stull v. City of Portland, Or.</u>, No. 3:11-cv-00795-PK, 2011 WL 3860442 (D. Or. 2011), where he alleged the Portland City Council's enactment of Ordinance # 183754 violated his constitutional due process rights and the Americans with Disabilities Act ("ADA"). Judge Paul Papak issued a Findings and Recommendations, which Judge Anna Brown adopted, dismissing Stull's case <u>sua sponte</u> for failure to state a claim. See <u>Stull v. City of Portland, Or.</u>, No. 3:11-cv-00795-PK, 2011 WL 3860442, at *1.

2 - OPINION & ORDER

WHERE STULL WAS THE REPORTED VICTIM." <u>Id.</u>  For the reasons that follow, Stull's application to proceed IFP is granted and this action is dismissed <u>sua sponte</u>.

## DISCUSSION

In connection with IFP actions such as this, district courts are obligated to dismiss <u>sue sponte</u> actions that are frivolous or malicious, or that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Courts have a duty to liberally construe a <u>pro se</u> plaintiff's pleadings.  <u>See, e.g.</u>, <u>Karim-Panahi v. L.A. Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  A liberal interpretation of a <u>pro se</u> complaint, however, "may not supply essential elements of the claim that were not initially pled."  <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir.1982).  Additionally, "conclusory allegations of law and unwarranted inferences" are insufficient.  <u>Fayer v. Vaughn</u>, 649 F.3d 1061, 1064 (9th Cir.2011) (citation and internal quotation marks omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (Citations and internal quotation marks omitted).  Where a complaint is dismissed, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

Even when construing Stull's Complaint liberally, I find that his claims fail to state a claim upon which relief can be granted.  It appears Stull brings his claims under 42 U.S.C. § 1983.  <u>See</u> Compl., pp. 3-4.  To state a claim under § 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

3 - OPINION & ORDER

United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). A municipality, however, may not "be held liable solely because it employs a tortfeasor–or, in other words . . . on a respondeat superior theory." Id. (emphasis in original). Rather, a municipality may only be held liable under § 1983 if the plaintiff establishes that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). A municipality may be liable if the plaintiff demonstrates "(1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price, 513 F.3d at 966 (citations and internal quotation marks omitted). With respect to longstanding practice or custom, the plaintiff must show that the longstanding practice or custom "constitutes the standard operating procedure of the local government entity . . . ." Ulrich v. City and Cnty. of S.F., 308 F.3d 968, 984 (9th Cir. 2002) (internal citations and quotation marks omitted); see also Mabe v. San Bernardino Cnty., Dep't of Public Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001) ("To establish liability, [a plaintiff] must show that (1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the

policy was the moving force behind the constitutional violation.") (Citation and internal quotation marks omitted).

**I. Claims Against the City of Portland**

Assuming Stull's alleged facts as true, I find that Stull fails to establish a claim against the City of Portland. Stull fails to allege facts showing a long-standing practice or custom constituting a standard operating procedure by the City of Portland. Stull alleges only one incident with adequate detail showing that he was arrested by a City of Portland Police Bureau police officer–namely, his alleged arrest by Allen on August 6, 2012. Compl., p. 1. Stull's allegations of his other arrests are vague and lacking sufficient detail implicating municipal liability. In addition, to the extent Stull alleges that the Portland Police Bureau had ongoing improper practices, such an allegation amounts to a mere label and conclusion and formulaic recitation insufficient to support a claim for relief. Similarly, Stull's conclusory allegations that the City of Portland failed to prepare reports whenever he was a victim and failed to secure video evidence or investigate crimes whenever he was a victim constitute conclusory allegations and unwarranted inferences that do not support a claim that the City of Portland violated his constitutional rights. Indeed, the Court is unsure of what constitutional rights these allegations violate, let alone that they violate Stull's Fourth and Eighth Amendment rights as alleged here. Simply put, Stull's allegations do not establish a general longstanding practice or custom, nor do they establish that the City of Portland's alleged policy or custom was a moving force behind his alleged constitutional violations.

/ / /

5 - OPINION & ORDER

## II. Claims Against Allen

Stull's claims against Allen also fail. Stull alleges Allen arrested him in retaliation for filing a previous complaint against the City of Portland. The Fourth Amendment protects people from unreasonable searches and seizures. See U.S. Const. amend. IV; Cameron v. Craig, 713 F.3d 1012, 1021 (9th Cir. 2013) (citation omitted). The Fourth Amendment, however, "does not proscribe all state-initiated . . . seizures; it merely proscribes those which are unreasonable." United States v. Willis, 431 F.3d 709, 714 (9th Cir. 2005) (citation and internal quotation marks omitted). Under the Fourth Amendment, a police officer may arrest a person without a warrant if the officer has probable cause to believe the person has committed a crime. Id. "Probable cause" exists if the available facts suggest a "fair probability" that the suspect has committed a crime. Tatum v. City and Cnty. of S.F., 441 F.3d 1090, 1094 (9th Cir. 2006) (citation omitted). To determine whether an officer had probable cause at the time of a plaintiff's arrest, the court must determine "whether at that moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." Beck v. State of Ohio, 379 U.S. 89, 91 (1964) (citations omitted).

Stull alleges insufficient facts and circumstances at the moment Allen allegedly arrested him, and alleges insufficient facts showing that Allen lacked probable cause to arrest him or that his arrest was unreasonable under the circumstances. In fact, Stull does not even allege that Allen lacked probable cause when arresting him. To the extent Stull alleges Allen arrested him in retaliation for filing an action against the City of Portland,

such allegation amounts to a conclusion of law and unwarranted inference that I need not assume as true.

### III. Eighth Amendment Claim

With regard to Stull's Eighth Amendment claim against Defendants, it too fails. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) (citation omitted); see also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.") (Citations and internal quotation marks omitted). As there is no allegation that Stull has been found guilty of anything, his claim that he has been deprived of his Eighth Amendment rights necessarily fails.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Upon examination of Stull's application to proceed IFP, the court finds that Stull is unable to afford the costs of this action. Stull's application (dkt. #1) is therefore granted and his IFP status is confirmed. Based on the reasons above, however, I find that Stull's Complaint fails to state a claim upon which relief can be granted. Accordingly, it is dismissed <u>sua sponte</u> without prejudice. Plaintiff shall file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below.

IT IS SO ORDERED.

Dated this 15 day of Aug, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge