IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY JOE STULL,

        Plaintiff,

No. 3:13-cv-01355-HZ

OPINION & ORDER

    v.

KEVIN W. ALLEN, et al,

        Defendants.

Barry Joe Stull
c/o 3653 SE 34th Ave.
Portland, OR

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNANDEZ, District Judge:

On August 15, 2013, I granted Barry Joe Stull's application to proceed in forma pauperis ("IFP") and dismissed his original complaint sua sponte for failure to state a claim upon which relief may be granted. The original complaint named Officer Kevin W. Allen ("Allen") and the City of Portland as defendants. On October 15, 2013, Stull filed a first amended complaint, which added TriMet, TriMet fare inspector John Doe (collectively "TriMet"), Legacy Emanuel Hospital and Medical Center, unidentified security guards (collectively "Emanuel"), and Portland Police Officers Stensgaard[1] and Amanda McMillian. On October 18, 2013, Stull filed a second amended complaint. Although similar to Stull's first amended complaint, the second amended complaint adds Fred Meyer Stores and additional unidentified Portland Police Officers as defendants. Stull's second amended complaint[2] alleges violations of ORS 659A and the American with Disabilities Act ("ADA"), intentional infliction of emotional distress, and constitutional claims against various defendants. Now before me is a motion Stull entitles, "MOTION FOR LEAVE TO AMEND THE COMPLAINT[,]" which I construe as a motion to attach exhibits to Stull's second amended complaint. Although I grant Stull's motion, I find that Stull's second amended complaint is frivolous, fails to state a claim upon which relief may be granted, and fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, I dismiss Stull's second amended complaint sua sponte.

## BACKGROUND

Stull, pro se, filed this action on August 6, 2013, alleging Officer Allen, an officer with the Portland Police Bureau, and the City of Portland violated his "CIVIL RIGHTS; US

---

[1] Stull does not provide Officer Stensgaard's first name.
[2] Stull's first amended complaint is superseded by the second amended complaint, therefore I consider only the second amended complaint in this opinion.

2 - OPINION & ORDER

CONSTITUTION AMENDMENTS 4 AND 8[.]" Compl. 3. Stull also filed an application to proceed IFP. Appl. Proceed IFP 1. On August 15, 2013, I granted Stull's IFP application, but dismissed his complaint sua sponte for failure to state a claim and directed Stull to file a first amended complaint within 30 days. Op. and Order 8.

After an extension of time, Stull filed a first amended complaint on October 15, 2013, then a second amended complaint three days later. First Am. Compl. 13; Second Am. Compl. 28. Stull's second amended complaint differs significantly from his original complaint. The original complaint alleged that Officer Allen and the City of Portland violated Stull's civil rights and his Fourth and Eighth Amendment rights when Officer Allen arrested Stull on August 6, 2011. Compl. 1. Unlike the original complaint, however, Stull's amended complaint names a number of additional defendants, including TriMet, TriMet fare inspector John Doe, Legacy Emanuel Hospital and Medical Center, unidentified security guards employed by Emanuel, Officer Stensgaard, Officer McMillian, Fred Meyer Stores, and other unidentified Portland Police Officers. Second Am. Compl. 27–28. The second amended complaint also includes Stull's lengthy medical history in the form of hospital notes and Stull's own narrative of his medical history. Second Am. Compl. 2–3, 7–12. In the "Prayer for re;ief [sic]" of Stull's second amended complaint, Stull alleges Defendants are liable for violations of ORS 659A and the ADA, intentional infliction of emotional distress,[3] and infringement of Stull's rights to due process and equal protection under the U.S. Constitution. Id. at 13.

Stull's claims in his second amended complaint essentially arise out of ten incidents. Stull alleges four incidents, spanning from November 2006 through August 2011, wherein the

---

[3] The second amended complaint actually states "Intentional Infliction of Emotional Stress," but the Court construes the claim as one for Intentional Infliction of Emotional Distress. Second Am. Compl. 28.

3 - OPINION & ORDER

Portland Police refused to investigate a crime or arrest a perpetrator who Stull alleges assaulted him. Second Am. Compl. 15, 19, 22.

In a fifth incident, Stull alleges that Stegemeyer, who is not named as an individual defendant, wrote Stull's name illegibly, causing a second name to be added as an alias to all of Stull's case captions in the State of Oregon, thereby damaging his reputation. Id. at 17–18. In a sixth incident on August 6, 2011, Stull alleges that Officer Allen was aware that Stull had a claim against the City of Portland and that Officer Allen arrested him without probable cause. Id. at 21. In a seventh incident, Stull alleges that around October 14, 2011, he was commuting on the TriMet light rail without the required proof of fare when encountered by a TriMet fare inspector. Id. at 12. Stull alleges that when he refused to disembark from the commuter train as the inspector asked, the inspector called the police and Officer McMillian responded. Id. Stull alleges that even though he explained his "neurological condition" to Officer McMillian, she ordered Stull off the train, after which Stull "fell onto the deck of the platform outside the train." Id. Stull was then allegedly taken to Emanuel Hospital where he was "treated." Id. at 13.

The eighth incident occurred after Stull was allegedly "treated" at Emanuel Hospital after falling on the TriMet platform. Stull alleges that while he was drinking coffee at Emanuel's café, he was approached by two security guards who asked him to leave because a nurse complained that Stull smelled like alcohol. Id. When Stull refused to leave, two more security guards allegedly arrived and carried Stull off the hospital's premises. Id. The guards allegedly presented Stull with an exclusion notice, and unnamed police officers allegedly arrested him for criminal trespass in the second degree. Id.

The ninth incident allegedly occurred on October 15, 2011, when Stull tried to perform a citizen's arrest on a "panhandler." Id. at 14. Stull alleges that an altercation ensued between him

and the panhandler. Id. Stull alleges that upon arriving at the scene, "Officer Stensgaard informed Stull the matter was being considered 'mutual combat.'" Id.

The tenth and final incident allegedly occurred on October 18, 2011, when Stull was waiting for an ambulance in the public seating area of the "Stadium Fred Meyer[.]" Id. at 26. Stull alleges that the "Portland Police" arrested him and Fred Meyer excluded him from their premises after he became upset and overturned a metal table when they did not allow him to leave with the ambulance. Id. at 26–27.

## DISCUSSION

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). With respect to IFP actions such as this, district courts are obligated to dismiss sue sponte actions that are frivolous or malicious, or that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a pro se plaintiff's pleadings. See, e.g., Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A liberal interpretation of a pro se complaint, however, "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, "conclusory allegations of law and unwarranted inferences" are insufficient. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (Citations and internal quotation marks omitted). Where a complaint is dismissed, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (citation and internal quotation marks omitted).

Even when construing Stull's complaint liberally, I find that his claims are frivolous, he fails to state a claim upon which relief may be granted, and the complaint fails to comply with the requirements of Rule 8.

## I. Intentional Infliction of Emotional Distress

Stull brings claims for intentional infliction of emotional distress against TriMet, Officer McMillian, City of Portland, and Emanuel. Under Oregon law,

> [t]o state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995) (en banc) (citation omitted). The Oregon Supreme Court has held that "to satisfy the intent element of this tort, a plaintiff must allege that the defendant acted with the purpose of inflicting severe emotional or mental distress on the plaintiff. It is not enough that [the defendant] intentionally acted in a way that causes such distress." Id. at 543–44 (alteration in original) (citation and internal quotation marks omitted).

Even when assuming Stull's alleged facts as true, I find that he does not establish a claim for intentional infliction of emotional distress. Stull fails to allege facts showing severe mental or emotional distress resulting from Defendants' conduct. In addition, Stull does not allege any facts showing Defendants acted with the purpose of inflicting severe emotional or mental distress. Accordingly, Stull fails to state a claim for intentional infliction of emotional distress.

/ / /

/ / /

6 - OPINION & ORDER

**II. ADA**

Stull claims TriMet, Officer McMillian, the City of Portland, and Emanuel violated his rights under the ADA.  The ADA prohibits discrimination on the basis of a disability by public entities and by places of public accommodation.  42 U.S.C. § 12132; 42 U.S.C. § 12182.  To prevail on an ADA claim, a plaintiff must show that he "is disabled within the meaning of the ADA . . . [and] the plaintiff was denied [services or accommodations] by the defendant because of [his] disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The ADA provides three avenues for an individual to demonstrate a disability: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment[.]"  42 U.S.C. § 12102(1).

Even if I were to assume that Stull alleges sufficient facts establishing that Stull has a disability within the meaning of the ADA, I find that Stull fails to allege facts demonstrating that Defendants took actions against him because he was a person with a disability.  Second Am. Compl. 12 (TriMet and Officer McMillian asked Stull to disembark from the Max train because he did not have proof of fare); id. at 13 (Emanuel asked Stull to leave the café because he smelled of alcohol).  In short, Stull fails to state an ADA claim against Defendants.

**III. ORS 659A**

ORS 659A.139 requires that "ORS 659A.103 to 659A.145 . . . be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act[.]"  Not surprisingly, those provisions of ORS 659A parallel that of the ADA.  Like the ADA, ORS 659A.104(1) provides three avenues for a person to demonstrate discrimination on the basis of a disability:

7 - OPINION & ORDER

(a) The individual has a physical or mental impairment that substantially limits one or more major life activities of the individual. (b) The individual has a record of having a physical or mental impairment that substantially limits one or more major life activities of the individual. . . . (c) The individual is regarded as having a physical or mental impairment that substantially limits one or more major life activities of the individual.[4]

Like the ADA, ORS 659A also prohibits unlawful discrimination in employment settings and at public accommodations. ORS 659A.142(4) makes it unlawful "for any place of public accommodation, resort or amusement . . . or any person acting on behalf of such place, to make any distinction, discrimination or restriction because a customer or patron is an individual with a disability." ORS 659A.112 to 659A.139 prohibits employers from discriminating against employees based on their disabilities.

Although Stull does not specifically allege which provisions of ORS 659A Defendants violated, a careful review of his complaint demonstrates that he fails to state a claim under ORS 659A. Stull fails to allege facts demonstrating that he is or was an employee of any of the Defendants. Additionally, similar to his ADA claim, Stull fails to allege facts showing that he was discriminated against because of his disability. Stull's claims under ORS 659A are dismissed.

**IV. Constitutional Claims**

Stull alleges violations of his due process and equal protection rights under the Fourteenth Amendment to the U.S. Constitution against Officer Stensgaard and the City of Portland. The Fourteenth Amendment provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To state a

---

[4] Under ORS 659A.104(1)(c), an individual is regarded as having a disability "if the individual has been subjected to an action prohibited under ORS 659A.112 to 659A.139 because of an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity of the individual."

8 - OPINION & ORDER

procedural due process claim, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).

      Like his other claims, Stull's due process and equal protection claims are vague and fail to state a claim for relief. Stull's allegations do not set forth a liberty or property interest protected by the Constitution, a deprivation of an interest protected by the Constitution, or a lack of process within the meaning of the Fourteenth Amendment. The only allegation as to Officer Stensgaard is that "Stensgaard informed Stull the matter was being considered 'mutual combat.'" Second Am. Compl. 14. Such an allegation, however, does not implicate violations of Stull's due process or equal protection rights. Accordingly, Stull fails to state a claim against Officer Stensgaard. Likewise, although Stull alleges various encounters with the City of Portland, particularly its police officers, none of them implicate violations of Stull's due process rights. In addition, Stull does not challenge any policy or law developed with the purpose of discriminating against him or having a discriminating effect. Finally, Stull does not even allege that he is a member of a protected class within the meaning of the Fourteenth Amendment. See Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001) ("Because the disabled do not constitute a suspect class for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be rationally related to legitimate legislative goals to pass constitutional muster.") (Internal quotation marks omitted).

      In sum, Stull fails to allege facts supporting his constitutional claims.

9 - OPINION & ORDER

**V. Officer Allen**

"A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime." Tatum v. City and Cnty. of S.F., 441 F.3d 1090, 1094 (9th Cir. 2006) (citation omitted). As in his original complaint, Stull fails to state a claim against Officer Allen because he fails to allege sufficient facts showing that Officer Allen lacked probable cause to arrest him or that his arrest was unreasonable under the circumstances.

In his second amended complaint, Stull makes three additional allegations against Officer Allen: (1) that Officer Allen arrested Stull based on a phone call from the manager of the property adjacent to the sidewalk where Stull was performing; (2) that Stull knew his actions were protected under Article I, Section 8 of the Oregon Constitution and told Officer Allen that he had not broken any laws; and (3) that "[n]o reasonable police officer in Officer Allen's position could have found probable cause to arrest Stull." Second Am. Compl. 21. When considered in their entirety, Stull's allegations fail to establish that Officer Allen lacked probable cause to arrest Stull or that Stull's arrest was unreasonable under the circumstances. Whether Officer Allen was responding to the manager's phone call or whether Stull told Officer Allen that his actions were protected under Article I, Section 8 of the Oregon Constitution do not establish that Officer Allen lacked probable cause when he arrested Stull. Stull's claim that "[n]o reasonable police officer in Officer Allen's position could have found probable cause to arrest Stull" is a legal conclusion that I need not assume as true. In sum, Stull fails to allege facts showing Officer Allen lacked probable cause when arresting Stull, and accordingly, fails to state a claim upon which relief may be granted.

///

## CONCLUSION

Based on the reasons above, I grant Stull's motion to attach exhibits to his second amended complaint [11], but find that Stull's second amended complaint is frivolous, fails to state claims upon which relief may be granted, and fails to contain a short and plain statement showing that Stull is entitled to relief. Plaintiff shall file a third amended complaint, consistent with this Opinion & Order, within 30 days of the date below.

IT IS SO ORDERED.

Dated this 27 day of Dec, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge