IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY JOE STULL,

        Plaintiff,                             No. 3:13-cv-01355-HZ

    v.

KEVIN W. ALLEN, et al.,                     OPINION & ORDER

        Defendants.

Barry Joe Stull
10852 SE Stark St. #5
Portland, OR 97216

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se plaintiff Barry Stull filed the original complaint in this action and an application to proceed *in forma pauperis* (IFP) on August 6, 2013. This Court granted Plaintiff's IFP application but dismissed his complaint *sua sponte* for failure to state a claim upon which relief could be granted. Plaintiff submitted an amended complaint on October 15, 2013, and then, three days later, a second amended complaint. On December 27, 2013, this Court dismissed the second amended complaint *sua sponte*, finding that the complaint failed to state a claim upon which

1- OPINION & ORDER

relief could be granted, was frivolous, and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff filed a Third Amended Complaint on September 17, 2014. The Court dismisses this complaint for failure to comply with Rule 8.

## BACKGROUND

Plaintiff's Third Amended Complaint names forty-one defendants: twelve Portland Police Bureau officers, including Kevin Allen; the City of Portland; TriMet; Portland Mayor and Police Commissioner Sam Adams; Portland Police Chief Michael Reese; Portland Police Commander Robert Day; Q4S; AMR; Legacy Emanuel Hospital and Medical Center; Fred Meyer Stores; Multnomah County Health Department Deputy Administrator Karin R. Johnson; Oregon Health and Science University (OHSU) Hospital; two OHSU police officers; several individual defendants, including Michael Ericson, Walter Adams, Jeff Jacobucci, Harry Jackson, and Zachory Gaylor; and several unidentified defendants, including John Doe, a Tri-Met fare inspector, unknown Portland Police Bureau personnel, unknown Portland Fire Bureau personnel, unknown DePaul security officer, unknown AMR paramedics, and unknown Multnomah County Sheriff Department Corrections personnel. Plaintiff summarizes his case as one concerning "a series of episodes of arrests, use of excessive force, and other interferences with plaintiff, a person with a disability." Third Am. Compl. 3.

## STANDARDS

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quotation omitted). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to

2- OPINION & ORDER

relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)) (emphasis added).

## DISCUSSION

Plaintiff's third amended complaint is 96 pages long, and contains 42 "claims" against 41 defendants. Most of the complaint consists of a detailed narrative of Plaintiff's medical history, educational background, interactions with police and the criminal justice system, and involvement in promoting changes to cannabis law. While Plaintiff's second amended complaint stated which causes of action were brought against which defendants, thereby enabling the Court to evaluate whether Plaintiff stated a claim, this third amended complaint fails to do so. Therefore, the Court is left to guess which of the 41 defendants are alleged to have violated a law or constitutional right.

While "verbosity and length is not by itself a basis for dismissing a complaint based on Rule 8(a)," Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008), a district court may dismiss a complaint when it fails to set forth cognizable causes of action, has incoherent legal theories, or the court cannot tell which causes of action are alleged against which defendants. Id. at 1130; see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of complaint that did not specify which of the 20 named defendants were liable for which claims); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (1981) (dismissal of amended complaint proper when it named additional defendants without leave of court and "was equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly, the Court dismisses Plaintiff's Third Amended Complaint under Rule 8(a)(2). Plaintiff is granted leave to amend his complaint. However, Plaintiff's pleadings must comply with the requirements of Rule 8, specifically that his complaint must include a "short and

3- OPINION & ORDER

plain statement" of facts showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). At this stage in the proceedings, the court needs only a succinct statement of the facts relevant to Plaintiff's claims in a numbered paragraph format. Plaintiff should clearly state which law or constitutional right he alleges was violated and by whom. Plaintiff must comply with this Order and condense his allegations to include only those facts necessary to state a claim.

## CONCLUSION

Based on the reasons above, Plaintiff's Third Amended Complaint [30] is dismissed pursuant to Rule 8(a) because it fails to contain a short and plain statement showing that Plaintiff is entitled to relief. If Plaintiff chooses to file a fourth amended complaint, it must be consistent with this Opinion & Order and filed within 30 days of the date below. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

Dated this 28 day of April, 2015

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge