IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY JOE STULL,

                   Plaintiff,                            No. 3:13-cv-01355-HZ

     v.

                                                  OPINION & ORDER

KEVIN W. ALLEN, et al.,

                 Defendants.

Barry Joe Stull
10852 SE Stark St. #5
Portland, OR 97216

     Plaintiff Pro Se

HERNÁNDEZ, District Judge:

Despite having four opportunities to submit a complaint, pro se Plaintiff Barry Stull fails to comply with the Federal Rules of Civil Procedure. For the reasons that follow, the Court dismisses Plaintiff's Fourth Amended Complaint with prejudice.

## BACKGROUND

Plaintiff initiated this action on August 6, 2013, by filing a Complaint and an application to proceed *in forma pauperis* (IFP). This Court granted Plaintiff's IFP application but dismissed his Complaint *sua sponte* for failure to state a claim upon which relief could be granted. Plaintiff

submitted an Amended Complaint on October 15, 2013, and then, three days later, a Second

Amended Complaint. On December 27, 2013, this Court dismissed the Second Amended

Complaint *sua sponte*, finding that the Complaint failed to state a claim upon which relief could

be granted, was frivolous, and failed to comply with Rule 8 of the Federal Rules of Civil

Procedure.

Plaintiff filed a Third Amended Complaint on September 17, 2014. Plaintiff summarized

his case as one concerning "a series of episodes of arrests, use of excessive force, and other

interferences with plaintiff, a person with a disability." Third Am. Compl. 3. Plaintiff's Third

Amended Complaint was 96 pages long and contained 42 "claims" against 41 defendants. Most

of the complaint consisted of a detailed narrative of Plaintiff's medical history, educational

background, interactions with police and the criminal justice system, and involvement in

promoting changes to cannabis law.

The Court dismissed Plaintiff's Third Amended Complaint on April 28, 2015 and

provided the following explanation:

> [T]he Court dismisses Plaintiff's Third Amended Complaint under Rule 8(a)(2). Plaintiff
> is granted leave to amend his complaint. However, Plaintiff's pleadings must comply
> with the requirements of Rule 8, specifically that his complaint must include a "short and
> plain statement" of facts showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). At this
> stage in the proceedings, the court needs only a succinct statement of the facts relevant to
> Plaintiff's claims in a numbered paragraph format. Plaintiff should clearly state which
> law or constitutional right he alleges was violated and by whom. Plaintiff must comply
> with this Order and condense his allegations to include only those facts necessary to state
> a claim.

Opinion & Order, April 28, 2015, ECF 33. In addition, the Court's Opinion & Order warned:

> If Plaintiff chooses to file a fourth amended complaint, it must be consistent with this
> Opinion & Order and filed within 30 days of the date below. Plaintiff is advised that
> failure to file an amended complaint which cures the deficiencies noted shall result in the
> dismissal of this proceeding, with prejudice.

Id.

2- OPINION & ORDER

**STANDARDS**

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quotation omitted). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)) (emphasis added).

While "verbosity and length is not by itself a basis for dismissing a complaint based on Rule 8(a)," Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008), a district court may consider the length of the complaint and may dismiss a complaint when it fails to set forth cognizable causes of action, has incoherent legal theories, or the court cannot tell which causes of action are alleged against which defendants. Id. at 1130; see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (1981) (dismissal of amended complaint proper when it named additional defendants without leave of court and "was equally as verbose, confusing, and conclusory as the initial complaint").

**DISCUSSION**

Despite this Court's repeated warnings that Plaintiff must condense his allegations and include only the facts necessary to state a claim, Plaintiff filed the present Fourth Amended Complaint, which is 116 pages long—20 pages longer than his Third Amended Complaint. Plaintiff added three defendants, bringing the total of named defendants to 44. The Fourth Amended Complaint contains 73 "counts" or claims. As with Plaintiff's previously submitted complaints, the Fourth Amended Complaint mainly consists of irrelevant information. The

Complaint contains excessive immaterial background information and fails to set forth a short and plain statement of the claims showing that Plaintiff is entitled to relief.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a). Hearns, 530 F.3d at 1130. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Salazar v. Cnty. of Orange, 564 F. App'x 322 (9th Cir. 2014) (quoting Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008) (internal citations and quotations omitted).

In Hearns, the Ninth Circuit reaffirmed its decision in McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996), where the district court properly dismissed the plaintiff's complaint with prejudice after providing multiple opportunities to comply with Rule 8 and instructions on how to correct the complaint. Similarly, last year the Ninth Circuit affirmed a district court's decision to dismiss a plaintiff's third amended complaint with prejudice after the district court permitted the plaintiff to replead twice. Salazar, 564 F. App'x 322 (9th Cir. 2014). The Ninth Circuit explained that the district court did not abuse its discretion, noting the district court's explanation that it "spent a substantial amount of time drafting [its orders], taking care to inform Plaintiff of the [complaints'] deficiencies so that he could properly amend. That effort was wasted." Id.

As in McHenry and Salazar, this Court has spent a considerable amount of time wading through Plaintiff's verbose and confusing complaints, and has attempted to provide Plaintiff with guidance in order to submit a complaint that complies with Rule 8(a). Plaintiff has been unable to comply, despite four attempts. Because the April 28, 2015 Order warned Plaintiff that he had one last chance to correct the defects specified by the Court, and because Plaintiff failed to do so, his Fourth Amended Complaint is dismissed with prejudice.

**CONCLUSION**

Plaintiff's Fourth Amended Complaint [39] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____30_____ day of _____June_____ , 2015

_____
MARCO A. HERNÁNDEZ
United States District Judge